UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| PRODIGY FINANCE CM2020-1 DAC,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHN NDUWAMUNGU,<br><br>Respondent. | Case No. 25-cv-02236-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE PROPOSED STIPULATED CONSENT JUDGMENT**<br><br>Re: Dkt. Nos. 25, 27 |

In this action to confirm a foreign arbitration award concerning a student loan agreement, petitioner Prodigy Finance CM2020-1 DAC ("Prodigy") has filed a stipulation for entry of a consent judgment (Dkt. No. 25) and an amended proposed form of judgment (Dkt. No. 27). For the reasons discussed below, the Court recommends that the amended proposed judgment be entered.

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND**

On March 4, 2025, Prodigy filed a petition to confirm a July 24, 2023 foreign arbitration award, made by the Chartered Institute of Arbitrators ("Chartered Institute") in London, England, in favor of Prodigy and against Joshua John Nduwamungu in a contract dispute concerning a student loan. Dkt. No. 1. Prodigy's petition alleges the following:

Prodigy is a designated activity company limited by shares, incorporated under the laws of Ireland, with its registered address in Dublin, Ireland. Dkt. No. 1 ¶ 1. Mr. Nduwamungu is an individual with a last known address in Santa Clara County, California. *Id*. ¶ 2. In October 2020, Mr. Nduwamungu entered into a loan agreement with Prodigy's predecessor-in-interest, Prodigy

Finance Limited. *Id*. ¶ 9. Under that agreement, Prodigy Finance Limited agreed to loan $46,280.00 to Mr. Nduwamungu, with the funds to be released to the University of Notre Dame-Mendoza College of Business, where Mr. Nduwamungu was enrolled as a student. *See id*.; *see also* Dkt. No. 1-2 at 2; Dkt. No. 1-3 at 3.[1] Pursuant to the agreement, Prodigy Finance Limited subsequently assigned the loan to Prodigy and provided Mr. Nduwamungu notice of the assignment. *See* Dkt. No. 1 ¶¶ 10, 11; Dkt. No. 1-3 at 13; Dkt. No. 1-4. In May 2021, Prodigy notified Mr. Nduwamungu that it varied the terms and conditions of the agreement, along with a hyperlink to access those terms. *See* Dkt. No. 1-5.

After Mr. Nduwamungu defaulted on the loan in January 2022, Prodigy initiated arbitration proceedings with Chartered Institute on May 25, 2023. *See* Dkt. No. 1 ¶¶ 17-23. On July 24, 2023, the arbitrator issued an award ("Final Award") in Prodigy's favor, requiring Mr. Nduwamungu to pay Prodigy the principal sum of $53,514.52, plus simple interest accruing at a rate of 10.25% per annum (calculated by the arbitrator as $4,571.03) from September 14, 2022 until the date of final payment, as well as costs in the amount of $5,120.00.[2] *See* Dkt. No. 1-2; *see also* Dkt. No. 1 ¶ 26 & n.2.

Prodigy filed the present action to confirm the July 24, 2023 Final Award, asserting that Mr. Nduwamungu has not made any payment on that award. Dkt. No. 1 ¶ 27. Prodigy invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"). *Id.* ¶¶ 3, 4. The docket indicates that Mr. Nduwamungu was served with process in Sunnyvale, California. *See* Dkt. No. 15; *see also* Dkt. No. 21-1 ¶ 3; Dkt. No. 22. He did not respond to Prodigy's petition. On May 29, 2025, at Prodigy's request, the Clerk of the Court entered Mr. Nduwamungu's default. Dkt. Nos. 17, 18.

---

[1] All pin cites to court filings refer to the page number appearing in the ECF header on each document.

[2] Although the Final Award states the award of costs in the amount of £4,000 GBP, Prodigy's petition seeks costs of $5,120.00 based on the exchange rate for GBP in effect on July 24, 2023. *See* Dkt. No. 1 at 6 n.2.

United States District Court
Northern District of California

Prodigy filed a motion for default judgment on August 25, 2025 (Dkt. No. 21).  The Court terminated that motion without prejudice, noting that the motion did not adequately address subject matter jurisdiction, personal jurisdiction, service of process, or the *Eitel*[3] factors.  The Court gave Prodigy leave to file a renewed motion for default judgment.  *See* Dkt. No. 24.

Rather than renew its motion for default judgment, Prodigy filed a purported stipulation for the entry of a consent judgment.  Dkt. No. 25.  The stipulation appends a copy of a settlement agreement (Dkt. No. 25-1), as well as a proposed judgment (Dkt. No. 25-2).  The stipulation states that the parties reached a settlement with respect to the total outstanding balance, identified as $80,662.57.  *See id*.; Dkt. No. 25-1, sec. 1.1.

The Court ordered supplemental briefing regarding the proposed stipulated consent judgment.  Dkt. No. 26.  Among other things, the Court noted that the stipulated consent judgment did not address the issues raised in the Court's October 20, 2025 order, including subject matter jurisdiction and whether the arbitral award or agreement at issue falls under the New York Convention.  Additionally, although Prodigy submitted a record indicating that Prodigy personnel created and electronically signed certain document(s) (*see* Dkt. No. 25 at 5), Prodigy provided no corresponding records or information regarding Mr. Nduwamungu's apparent digital signatures on those documents.  Finally, the Court stated that the proposed judgment could not be signed in its present form.  Accordingly, the Court directed Prodigy to file supplemental briefing addressing the following:

1. (a) Is the arbitral award or agreement in question "commercial in nature" such that the award or agreement falls under the New York Convention?  (b) Is the New York Convention otherwise properly invoked as the basis for the Court's subject matter jurisdiction?  *See Ministry of Def. of Islamic Republic of Iran v. Gould Inc*., 887 F.2d 1357, 1362 (9th Cir. 1989) ("Under the plain meaning of [9 U.S.C. § 202] then, three basic requirements exist for jurisdiction to be conferred upon the district court: the award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope.").

2. Is the signature for Mr. Nduwamungu appearing on the stipulated consent judgment (see Dkt. No. 25 at ECF 2) and on the appended settlement agreement (see 25-1 at ECF 4) a digital or typed/text

---

[3] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

signature?  If so, what are the circumstances by which his signature was placed on these documents?[]  As Mr. Nduwamungu is in default, the Court requires information beyond Prodigy's counsel's attestation pursuant to Civil Local Rule 5-1(i)(3).

3.   In any event, the proposed judgment cannot be signed in its present form.  The proposed judgment states that the "undersigned signatory" is authorized to enter the consent judgment for Prodigy. It also states that the "undersigned Respondent has elected to proceed without counsel and is agreeing to all the terms of this Consent Judgment freely and voluntarily" and "has read, understood, agrees, and consents to this Consent Judgment and Order and all of the terms and conditions set herein."  However, the only signature block on the proposed judgment is for the Court.  *See* Dkt. No. 25-2.

Dkt. No. 26 at 2-3.

Prodigy filed supplemental briefing, along with an amended proposed form of judgment. Dkt. No. 27.  Because Mr. Nduwamungu is in default, this Court does not have the consent of all parties to magistrate judge jurisdiction.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73: *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  The Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that the amended proposed judgment be entered.

## II.    DISCUSSION

Approval of a proposed consent judgment is within the Court's sound discretion.  *See United States v. State of Oregon*, 913 F.2d 576, 580 (9th Cir. 1990).  While a court may not simply blindly approve such proposed judgments, "the court's approval is nothing more than an amalgam of delicate balancing, gross approximations and rough justice."  *Id*. (quotation modified; citation omitted).  "The court need only be satisfied that the decree represents a reasonable factual and legal determination."  *Id*. (quotation modified; citation omitted).

With respect to subject matter jurisdiction, "[t]he Federal Arbitration Act [FAA] provides that the New York Convention is enforceable in the United States and that federal district courts have original jurisdiction of actions falling under the Convention."  *Smagin v. Yegiazaryan*, 37 F.4th 562, 565 (9th Cir. 2022); *see also Jones Day v. Orrick Herrington & Sutcliffe LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022) ("Congress enacted Chapter Two of the [FAA] . . . to provide for the effective and efficient resolution of international arbitral disputes after the United States entered into the [New York Convention].").  "An action or proceeding falling under the Convention shall

United States District Court
Northern District of California

be deemed to arise under the laws and treaties of the United States," and "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. To fall under the New York Convention, "three basic requirements exist for jurisdiction to be conferred upon the district court: the award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope." *Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989).

This Court is satisfied that the arbitration award in question arises out of a legal relationship between Prodigy and Mr. Nduwamungu that is not entirely domestic in scope. The legal relationship here is a contract between Prodigy, an Irish corporation, and Mr. Nduwamungu, who is said to currently reside in Santa Clara County, California. *See* Dkt. No. 1 ¶¶ 1, 2. *See* 9 U.S.C. § 202; *HayDay Farms, Inc. v. FeeDx Holdings, Inc.,* 55 F.4th 1232, 1239 (9th Cir. 2022) ("Arbitration awards that, as here, involve at least one foreign party are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ('Convention'), June 7, 1959, 21 U.S.T. 2517, which Congress incorporated into federal law in the FAA."); *New Frontier Inv. AG v. BitCenter, Inc.*, 715 F. Supp. 3d 1245, 1252-53 (N.D. Cal. 2024) (same).

Prodigy has not cited, nor has this Court found, authority clearly stating whether an a student loan agreement is "commercial in nature" for purposes of the New York Convention. While "[t]he New York Convention, as codified in the FAA, does not define the term 'commercial,'" at least one circuit court has concluded that "[i]n the context of international arbitration, 'commercial' refers to matters or relationships, whether contractual or not, that arise out of or in connection with commerce." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 794 F.3d 99, 103-104 (D.C. Cir. 2015). "The text of the FAA's codification of the New York Convention is consistent with this conclusion," as the New York Convention "expressly encompass[es] any 'transaction, contract, or agreement described in' 9 U.S.C. § 2," which "in turn includes contracts 'evidencing a transaction involving commerce,'" a term the Supreme Court has interpreted broadly to "signal the broadest permissible exercise of Congress' Commerce Clause power." *Id.* at 104 (quotation modified; citation omitted). Accordingly, the Court finds that Prodigy has made

a non-frivolous claim that the subject arbitral award is covered by the New York Convention and that the Court has subject matter jurisdiction over this action. *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1025 (9th Cir. 2021) ("[S]o long as a party makes a non-frivolous claim that an arbitral award is covered by the Convention, the court 'must assume subject matter jurisdiction and hear the merits of the case.'") (quoting *Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 660 (2d Cir. 2005)).

With respect to Mr. Nduwamungu's signature, Prodigy has submitted additional documents supporting the authenticity of his digital signature on the stipulated consent judgment on and the parties' settlement agreement, which appear to be collectively referred to as "Consent Agreement" in the parties' respective signing histories. *See* Dkt. No. 27-1 ¶¶ 3, 4 & Exs. 1 & 2; *see also* Dkt. No. 25. Documents filed elsewhere in the docket indicate that after agreeing in principle to settle the matter in June 2025, Prodigy made several unsuccessful attempts to follow up with Mr. Nduwamungu to discuss a final agreement. *See* Dkt. No. 19 ¶ 11; *see also* Dkt. No. 21-1 ¶ 8. While the Court notes that the top-level email submitted with Prodigy's amended proposed consent judgment lacks a header identifying to whom that email was sent and when (*see* Dkt. No. 27-1, Ex. 1), other documents indicate that Mr. Nduwamungu agreed to settlement terms and to the stipulation for entry of a consent judgment in October 2025 (Dkt. No. 27-1, Ex. 2), and Prodigy did so in November 2025 (Dkt. No. 25). In any event, to the extent any questions remain regarding Mr. Nduwamungu's signatures or the documents and terms to which he agreed, Prodigy is directed to serve Mr. Nduwamungu with a copy of this order and report and recommendation, as set forth below, so that he has an opportunity to object.

With respect to the proposed form of judgment, Prodigy has submitted an amended form of judgment, omitting language indicating that the Court purported to make certain representations on behalf of each party. *See* Dkt. No. 27-2.

## III.   CONCLUSION

Because not all parties have appeared in this action or consented to magistrate judge jurisdiction, the Clerk of Court shall reassign this case to a district judge. The Court recommends that the newly assigned judge enter the a judgment as set forth in the amended proposed judgment

(Dkt. No. 27).

Prodigy shall serve Mr. Nduwamungu with a copy of this report and recommendation and file a proof of service with the Court by **May 4, 2026**.

Any party may serve and file objections to this report and recommendation within 14 days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: April 22, 2026



Virginia K. DeMarchi
United States Magistrate Judge